**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| DAWAYNE LOFTON, | ) |
| | ) |
|     *Plaintiff,* | ) |
| | ) |
| v. | )   No. 4:26-CV-01077-JMD |
| | ) |
| TIM WARE, | ) |
| | ) |
|     *Defendant.* | ) |

## <u>MEMORANDUM OPINION DISMISSING PETITION</u>

Dawayne Lofton has filed a habeas action, asking this Court to force a state court to hold another detention hearing. ECF 1. There are many problems with the petition, including that the petition has not been signed and that Lofton has neither paid the filing fee nor moved to proceed *in forma pauperis*.

One fatal problem is that Lofton has made no attempt to establish that he first sought relief in state court. The Supreme Court "has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991), *holding modified by Martinez v. Ryan*, 566 U.S. 1 (2012). The burden of establishing exhaustion is on the petitioner. "A state prisoner bringing a federal habeas corpus action under either § 2241 or § 2254 bears the burden of showing he exhausted available state remedies." *Cooper v. McKinna*, 203 F.3d 834 (10th Cir. 2000) (table); *see also Coady v. Vaughn*, 251 F.3d 480, 488 (3d Cir. 2001) ("The habeas petitioner has the burden of proving exhaustion of all available state remedies."); *Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998) (stating the same in the context of a petition under § 2254). Nothing in Lofton's filings suggests that he has exhausted available state remedies. *Cf. State v. Jackson*, 384 S.W.3d 208, 210–11 (Mo. 2012) (describing a process for seeking review of a bond decision

in state appellate court).  This Court will not "intrude[] on state sovereignty" by considering a habeas petition when Lofton has made no showing that he has first sought all possible relief in state court.  *Brown v. Davenport*, 596 U.S. 118, 132 (2022) (citation omitted).

Having "promptly examine[d]" the petition, the Court concludes that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  *Cf.* Rule 4 Governing Section 2254 Cases.  The petition is **DENIED.**  ECF 1.

Dated this 13th day of July, 2026

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI